UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

BRANDON LEE BIBLE,

        Plaintiff,

v.

UNKNOWN PARTY #1 et al.,

        Defendants.
_____/

Case No. 2:21-cv-201

Honorable Maarten Vermaat

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 4.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.  **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan.  The events about which he complains, however, occurred at the Gogebic County Jail in Bessemer, Gogebic County, Michigan.  Plaintiff sues the Gogebic County Jail, Gogebic County Sheriff Unknown Party #1, and Gogebic County Jail Registered Nurse Unknown Party #2.  Plaintiff sues Unknown Party #1 and Unknown Party #2 in their official capacities only.

Plaintiff alleges that he was detained in a cell at the Gogebic County Jail from September 11, 2018, until April 30, 2019.  He requested recreational time on several occasions, but unspecified individuals told him that the television in his cell provided him recreation.  During his six-month detention, Plaintiff allegedly had the opportunity to exercise only once, for 30 minutes, on September 15, 2018.

Plaintiff also alleges that he contracted methicillin-resistant staphylococcus aureus (MRSA) while in Gogebic County Jail.  On October 1, 2018, Defendant Unknown Party #2 examined Plaintiff and concluded that he instead had an ingrown hair.  A week passed before Defendant Unknown Party #2 next rounded at the jail.  On October 9, 2018, when Defendant Unknown Party #2 returned, Plaintiff was taken to the hospital and underwent a procedure to remove some of the infected area.  Plaintiff alleges that, contrary to his post-procedure instructions, Defendant Unknown Party #2 initially permitted Plaintiff to have pain killers only twice per day before increasing to four times per day on October 11, 2018.

Plaintiff alleges that Defendants violated rights provided to him under the Eighth Amendment.  For relief, Plaintiff seeks $400,000 in damages.

II. **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

3

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

III.  **Defendant Gogebic County Jail**

Plaintiff sues the Gogebic County Jail. The jail is a building, not an entity capable of being sued in its own right. However, construing Plaintiff's *pro se* complaint with all required liberality, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court assumes that Plaintiff intended to sue Gogebic County. Gogebic County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60.

Plaintiff's allegations against the county essentially rest on a theory of vicarious liability and therefore do not state a claim. *Id.* To the extent that Plaintiff suggests the existence of a custom of unlawful conditions of confinement, his allegations are wholly conclusory. As the Supreme Court has instructed, to demonstrate that a county had an unlawful custom, a plaintiff must show that the county was deliberately indifferent to "practices so persistent and widespread as to practically have the force of law." *Id.* Plaintiff cites no prior incidents demonstrating a widespread pattern nor does he even suggest that such a pattern exists. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (2007). Plaintiff therefore fails to state a claim against Gogebic County. Accordingly, the Court will dismiss the Gogebic County Jail.

IV.  **Defendants Unknown Party #1 and Unknown Party #2**

Plaintiff further sues Defendants Unknown Party #1 and Unknown Party #2 in their official capacities only. Although an action against a defendant in their individual capacity intends

to impose liability on the specified individual, an action against the same defendant in their official capacity intends to impose liability only on the entity that they represent. *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Therefore, "[a] suit against an individual in his official capacity is equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). In this case, because Defendants Unknown Party #1 and Unknown Party #2 represent Gogebic County, Plaintiff's action intends to impose liability on Gogebic County. However, "[g]overnmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights." *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (citing *Monell*, 436 U.S. at 692). As described above, Plaintiff has failed to demonstrate any county policy or custom that resulted in his injuries, and Plaintiff cannot maintain a claim against the county merely because it employed Unknown Party #1 and Unknown Party #2. Therefore, Plaintiff fails to state a claim against Defendants Unknown Party #1 and Unknown Party #2 in their official capacities. Accordingly, the Court will dismiss the complaint against them.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal

this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: October 29, 2021 /s/ *Maarten Vermaat*
Maarten Vermaat
United States Magistrate Judge